[No. 3361.   March 11, 1930.]

In re ROYALL.

[286 Pac. 156.]

See, also, 33 N. M. 386, 268 P. 570.

M. A. Otero, Jr., Atty. Gen., and J. A. Miller, Asst. Atty. Gen., for relator.

W. B. Walton, of Silver City, and Raymond R. Ryan and J. S. Vaught, both of Albuquerque, for respondent.

## OPINION OF THE COURT

SIMMS, J.

Respondent, Charles C. Royall, a member of the bar of this court, has been ordered to show cause why he should not be disciplined or disbarred for unprofessional conduct and for having been convicted of a felony involving moral turpitude.

By his return, respondent admits the conviction, in effect, for the crime of embezzling a client's money, but pleads a full pardon by the Governor, and further states that he was not in fact guilty of embezzlement. He challenges the right or power of the Legislature to *require* this court to disbar for any cause, asserting that disbarment is a judicial function, and that the question of whether or not an attorney merits disbarment for a given act or offense against professional duty rests solely in this court's discretion.

In the case of State ex rel. Wood v. Raynolds, 22 N. M. 1, 158 P. 413, we took occasion to discuss the question of the inherent power of the courts of general jurisdiction to suspend or disbar attorneys for professional misconduct, without reference to any statute upon the subject. We distinguished between the power to admit, which is statutory, and the power to strike an attorney's name from the rolls and disbar him, which is an inherent power necessarily vested in the courts for the protection of the bench, bar, and society.

Without further discussion as to the effect of the statutes on the subject, whether they are cumulative of the court's inherent power, or whether they are procedural only in their nature, or whether they simply are persuasive as statements of legislative policy, we feel that the case now before us can properly be decided as one which comes within the field of the court's inherent power.

Aside from the fact of the conviction in a court of record and the pardon which followed it, we come to consider the acts which respondent admits he did.

It appears that respondent, acting as attorney for the administrator of an estate, sold certain securities for about $9,000. He did not advise the administrator of the receipt of the money nor did he place it to the administrator's credit in the bank where the latter did business. He put the money in a friend's bank, in an account entitled "Charles C. Royall, Attorney for the Administrator of the Estate," etc. Thus earmarked the account remained for a time until respondent became in great press for money to use in closing a mining deal which promised to make him a large sum. The bank was suffering from steady withdrawals, and, since respondent already owed it personally a considerable sum, his friend, the managing officer of the bank, suggested that he use the estate's money, and, in event necessity arose to replace it before the mining deal was closed, the bank would make him the necessary loan. Thus persuaded, he first used $2,500 of this trust fund; later, and under similar assurances, respondent, by successive withdrawals, consumed the entire fund. The bank failed, and the banker was unable to afford the help he had promised. Respondent then made arrangements to borrow $10,000 from a friend, so as to restore the trust fund, and, pending the final arrangements, his friend died. After making every effort within his power to get the money and make restitution, it finally came about that criminal proceedings for embezzling the estate's money were instituted, to which respondent pleaded guilty and received a suspended sentence in the penitentiary. The Governor pardoned him. Respondent has since conducted himself uprightly and bears a good reputation among his neighbors.

The circumstances of this case have caused us to view with sympathy the respondent's unfortunate situation. Many men would have succumbed to the temptation, as he did. The fact remains, however, that this court cannot countenance misappropriation of a client's money by a lawyer. Absolute honesty and fidelity to trust are indispensable elements in his character; when he shows himself unable to resist the urge to misuse his client's money, he must be deprived of the office and privileges of a member of the bar.

If this were an application for reinstatement of a disbarred attorney, this court could more properly consider the circumstances of mitigation urged in respondent's behalf than in the present proceeding. Under such an application, we might also take into consideration his efforts to make restitution and his subsequent conduct as tending to show that he had overcome his fault.

It follows that the respondent's name must be stricken from the roll of attorneys of this court, and he must be disbarred as of this date, and it is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

WATSON, J., did not participate.

CATRON, J. (concurring).

Although it is my opinion that this court could now well consider all mitigating circumstances urged, respondent's efforts to make restitution, the illegal disbarment already suffered, and his conduct since the commission of the act which required proceedings in this court, and that so considered a less severe order would be ample and just under all the circumstances, nevertheless I find it possible to concur upon the theory that this court is not now considering such matters, but may properly consider them in support of application for reinstatement, if later made.